**NORDALE, INC., a Minnesota corporation, Plaintiff,**

v.

**SAMSCO, INC., a New Hampshire corporation, and Sam Travis, an individual, Defendants and Third–Party Plaintiffs,**

v.

**Norton ERICKSON, an individual and Dale Erickson, an individual, Third–Party Defendants.**

**Civ. No. 4–91–598.**

United States District Court, D. Minnesota, Fourth Division.

March 21, 1994.

Norman P. Friederichs, Norman Paul Friederichs, III, Friederichs Law Office, Minneapolis, MN, for Nordale, Inc., Norton Erickson.

Donald Chance Mark, Jr., Kerrylee M. Evensen, Meagher & Geer, Minneapolis, MN, Norman P. Soloway, Steven J. Grossman, Hayes Soloway Hennessey & Hage, Robert C. Dewhirst, Devine Millimet & Branch, Manchester, NH, for Samsco, Inc., Sam Travis.

### ORDER

DOTY, District Judge.

This matter is before the court on the motion of Samsco and Sam Travis, defendants and third-party plaintiffs, to dismiss the counterclaims of Norton Erickson and Dale Erickson, third-party defendants. Based on a review of the file, record and proceedings herein, the court denies the motion to dismiss the counterclaims.

### DISCUSSION

Samsco, Inc., and Sam Travis (collectively "Samsco") are defendants and third-party plaintiffs in this long-lived litigation. Their third-party complaint against Norton and Dale Erickson ("Ericksons"), the principals of plaintiff Nordale, Inc. ("Nordale"), alleges six causes of action against the Ericksons and Nordale. The Ericksons' answer as third-party defendants asserted nine counterclaims on behalf of plaintiff Nordale and themselves. Samsco contends that the Ericksons' counterclaims should be dismissed because they are claims which ought to have been brought in Nordale's original complaint. Nordale and the Ericksons contend that the Ericksons' counterclaims are proper under

Rule 14 of the Federal Rules of Civil Procedure.

■ Samsco's argument is based on the well-established principle that individual shareholders may not assert a cause of action which belongs to the corporation. *Arent v. Distribution Sciences, Inc.,* 975 F.2d 1370, 1372 (8th Cir.1992); *Stock v. Heiner,* 696 F.Supp. 1253, 1263 (D.Minn.1988). Samsco argues that the counterclaims asserted by the Ericksons should be dismissed because they are claims which belong to Nordale as a corporation, rather than to the Ericksons as shareholders. Samsco contends that the Ericksons and Nordale admit this to be the case by explicitly making Nordale a party to the counterclaims. Samsco asserts that these claims belonging to Nordale ought to have been brought in Nordale's original complaint or the complaint should have been amended to include them. Because the time for amending Nordale's original complaint had passed long before the filing of the counterclaims in the Ericksons' answer to Samsco's third-party complaint, Samsco contends that the counterclaims are an untimely attempt by Nordale to assert new causes of action against Samsco.

Rule 14 of the Federal Rules of Civil Procedure specifically provides that the third-party defendant "shall make any defenses to the third-party plaintiff's claim as provided in Rule 12 and any counterclaims against the third-party plaintiff...." The court finds that the counterclaims alleged in the Ericksons' answer as third-party defendants are made in response to the claims alleged in Samsco's third-party complaint and are therefore permissible under Rule 14 of the Federal Rules of Civil Procedure.

■ Furthermore, the court finds that Samsco's reliance on *Arent* to bar the counterclaims is misplaced for two reasons. First, just as the causes of action asserted against the Ericksons in Samsco's third-party complaint are based on the their status as Nordale's principals and not as shareholders, so too, the Ericksons' counterclaims are made in their capacities as the principals of Nordale, not as Nordale shareholders. *Arent* precludes a shareholder from asserting a cause of action belonging to the corporation;

*Arent* does not prevent an individual defendant from asserting a cause of action in his capacity as a principal, particularly when the pleadings make it clear that he also asserts the claim on behalf of the corporation.

Second, the court finds that the explicit reference to Nordale as a party bringing the counterclaims along with the Ericksons is merely responsive to the third party complaint. Samsco's six causes of action in the third-party complaint against the Ericksons individually allege wrongful acts by Nordale. Had Samsco's third-party complaint listed causes of action against the Ericksons alone there might be less reason to allow Nordale to join in the Ericksons' counterclaim. The general policy of the Federal Rules of Civil Procedure to provide a just resolution to matters which come before the court supports these conclusions. *See* Rules 1 and 8(f) of the Federal Rules of Civil Procedure. The court therefore determines that Samsco's motion to dismiss the counterclaims of the third-party defendants and Nordale should be denied.

Accordingly, **IT IS HEREBY ORDERED** that the third-party plaintiff's motion to dismiss the counterclaims of the third-party defendants is denied.